# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FORD MOTOR CREDIT COMPANY LLC,** | : | CIVIL ACTION NO. 1:09-CV-1594 |
| | : | |
| | : | (Judge Conner) |
| Plaintiff | : | |
| v. | : | |
| | : | |
| **MARIO CLEMENTONI,** | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 5th day of April, 2010, upon consideration of plaintiff's motion (Doc. 11) for summary judgment, which defendant has elected not to oppose,[1] and it appearing that in 2004, plaintiff extended a loan of $1,550,000 to an entity known as "AN2, LLC," (Doc. 1 ¶ 6; Doc. 1, Ex. A; Doc. 3 ¶ 6), that defendant executed a guaranty pursuant to which he promised to pay and perform all

---

[1] The court ordered defendant to oppose plaintiff's motion for summary judgment on two separate occasions, but defendant failed to do so. (See Docs. 16, 17.)

obligations of AN2, LLC under the loan agreement,[2] that the promissory note for the 2004 loan was amended and restated in 2008 in the face amount of $2,200,000, (Doc. 1 ¶ 6; Doc. 1, Ex. A; Doc. 3 ¶ 6), that AN2, LLC defaulted on its repayment obligations and plaintiff thereafter made a demand for payment from defendant, (see Doc. 1, Ex. C; Doc. 13 ¶ 8), and that defendant has not paid any of the amount due under the guaranty, (Doc. 13 ¶ 9), and recognizing that summary judgment is appropriate when "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," FED. R. CIV. P. 56(c), and that defendant has not disputed any of the material facts in the above-captioned matter, see L.R. 56.1 (explaining that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party"), and concluding that defendant had a duty to tender payment to plaintiff under the clear terms of the guaranty agreement, that he breached his obligations by refusing plaintiff's lawful

---

[2] The guaranty states that

> Immediately upon the occurrence of an Event of Default and written demand by Lender, Guarantor shall pay to Lender the full amount of the Indebtedness and shall do and perform each of the Obligations, as if the Indebtedness and the Obligations constituted the direct and primary obligations of Guarantor. Lender shall be entitled to proceed directly against Guarantor for payment of the Indebtedness or performance of the Obligations, without first pursuing or exhausting any remedy that Lender then may have against Borrower, any other guarantor or third party, or any security or collateral for the Indebtedness and Obligations.

(Doc. 1, Ex. B.) Defendant admits that he executed this guaranty and delivered it to plaintiff. (Doc. 13 ¶ 7.) Defendant also admitted that he understood he was obligated to make payment to plaintiff in the event AN2, LLC defaulted on the loan. (Doc. 10 at 17-18.)

demand, and that plaintiff has thereby suffered damages in the amount of $2,282,983.53[3] from defendant's breach,[4] see Corestates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999) (holding that a cause of action for breach of contract must be established by demonstrating "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages"), it is hereby ORDERED that:

1. The motion (Doc. 11) for summary judgment is GRANTED. See FED. R. CIV. P. 56(c).

2. The Clerk of Court is instructed to enter JUDGMENT in favor of plaintiff and against defendant in the amount of $2,282,983.53.

3. The Clerk of Court is instructed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] Defendant admitted in his deposition that he has no basis to challenge the amount which plaintiff claims is due. (See Doc. 10 at 24-26.)

[4] Jurisdiction over the instant action is based on diversity of citizenship, see 28 U.S.C. § 1332, which in this case requires the court to apply Pennsylvania law to the parties' substantive claims. See Norfolk S. Ry. Co. v. Basell USA, Inc., 512 F.3d 86, 91-92 (3d Cir. 2008). Neither party disputes the application of Pennsylvania state law to this matter. Accordingly, decisions of the Pennsylvania Supreme Court are binding precedent upon this court, while Pennsylvania Superior Court decisions will be treated as persuasive precedent. See State Farm Fire & Cas. Co. v. Estate of Mehlman, 589 F.3d 105, 107 n.2 (3d Cir. 2009).